# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DOUGLAS R. STAAS,

      Petitioner,

v.                                          Case No. 8:05-CV-2363-T-24MAP

JAMES R. MCDONOUGH[1],

      Respondent.

_____/

## ORDER

This cause is before the court upon Petitioner Douglas R. Staas's ("Staas") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Staas challenges his 2002 convictions entered by the Fifth Judicial Circuit Court, Hernando County, Florida.  (Dkt. 1). Respondent has filed a response to the petition (Dkt. 7), and Petitioner has filed a reply thereto (Dkt. 10).

## Background

Staas was charged in a forty-eight count information dated August 28, 2001, with organized scheme to defraud (Count 1), fraudulent possession or use of identification information (Counts 2-45) and fraudulently making application for a Florida driver's license or identification card (Counts 46-48).  (Dkt. 9, Ex. A).  Represented by court-appointed counsel, Staas entered into a plea agreement on all charges on March 26, 2002.  (Dkt. 9,

---

[1] In his petition, Staas names James V. Crosby, Jr., former Secretary of the Department of Corrections, as the party respondent in this case.  As of the date of this order, James R. McDonough is the Secretary of the Department of Corrections.  Accordingly, pursuant to Rule 25 of the Federal Rules of Civil Procedure and Rule 2 of the Rules Governing Section 2254 Cases, the Court will substitute McDonough as Respondent.  *See* Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases (2006).

Ex. A).  The state trial court thereafter sentenced Staas to a term of imprisonment of 102 months on Count 1 and  60 months on Counts 2 through 48 to run concurrently with each other and the sentence imposed on Count 1.  (Dkt. 9, Ex. A).

Staas signed a *pro se* motion to clarify sentence on July 15, 2002[2] which was denied by the state trial court on September 9, 2002.  (Dkt. 9, Exs. B, C).  Staas appealed that decision which was affirmed by the state trial court on February 4, 2003.[3]  (Dkt. 9, Ex. D).  *See also, Staas v. State*, 837 So.2d 999 (Fla. 5th DCA 2003) [Table].

On December 10, 2002, Staas, proceeding *pro se*, filed a motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a).  (Dkt. 9, Ex. E).  On May 27, 2003, the state trial court denied Staas's Rule 3.800(a) motion.  (Dkt. 9, Ex. F).  Staas appealed the adverse ruling.  On July 29, 2003, in Case No. 5D03-2198, the state district court of appeal per curiam affirmed the state trial court's denial of post-conviction relief, with the mandate issuing on August 15, 2003.[4]  *See Staas v. State*, 852 So.2d 253 (Fla. 5th DCA 2003) [Table].

On December 23, 2002, Staas filed a motion for belated appeal in the state district court of appeal (Case No. 5D02-3994).  On January 9, 2003, the motion was denied

---

[2] For purposes of calculating the limitations period under the AEDPA, the Court will give Staas the benefit of the "mailbox rule" and consider his § 2254 petition and documents related thereto as "filed"on the date Staas signed and delivered them to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  The Court will also give Staas the benefit of this rule with respect to his state court filings when calculating the limitations period under § 2244(d).

[3] It appears from the Fifth District Court of Appeal's docket (Case No. 5D02-3298) that this motion was treated as one brought pursuant to Fla. R. Crim. P. 3.800.  *See* http://199.242.69.70/pls/ds/ds_docket.

[4] Neither a copy of the order affirming the denial of Staas's Rule 3.800 motion nor the mandate were filed as part of the record in the instant case.  The dates of the order and mandate were taken from the docket of the Florida Fifth District Court of Appeal.

without prejudice to Staas filing a Rule 3.850 motion in the trial court.  (Dkt. 9, Ex. I).

On April 28, 2003, Staas signed his Rule 3.850 motion for post-conviction relief. (Dkt. 9, Ex. J).  The state trial court denied this motion on July 24, 2003.  (Dkt. 9, Ex. M). Staas appealed this denial to the state district court of appeal which affirmed the denial on October 7, 2003.  (Dkt. 9, Ex. N).  *See also, Staas v. State*, 860 So.2d 435 (Fla. 5th DCA 2003) [Table].  On October 15, 2003, Staas filed a motion for rehearing which was denied on November 5, 2003.  (Dkt. 9, Exs. O, P).

Next, Staas sent a letter dated January 23, 2004, to the Florida Supreme Court which was construed as a petition for writ of habeas corpus.  (Dkt. 9, Ex. Q).  On March 17, 2004, the petition was dismissed for lack of jurisdiction.  (Dkt. 9, Ex. R).  *See also*, *Staas v. State*, 871 So.2d 874 (Fla. 2004) [Table].

On February 25, 2004, Staas filed another petition for writ of habeas corpus in the state trial court.  (Dkt. 9, Ex. S).  The petition was denied on April 28, 2004.  (Dkt. 9, Ex. T). Staas appealed the denial to the state district court of appeal which affirmed the state trial court's decision on November 30, 2004.  (Dkt. 9, Ex. U).  *See also, Staas v. State*, 888 So. 2d 653 (Fla. 5th DCA 2004) [Table].

On January 10, 2005, Staas filed another Rule 3.800 motion for post-conviction relief.  (Dkt. 9, Ex. W).  On March 7, 2005, the state trial court denied the motion.  (Dkt. 9, Ex. X).  Staas appealed that denial to the state district court of appeal which affirmed the state trial court's decision on June 14, 2005.  (Dkt. 9, Ex. Z).  *See also, Staas v. State*, 907 So.2d 1179 (Fla. 5th DCA 2005) [Table].

On or about August 19, 2005, Staas filed a petition to secure substantial justice in

the Florida Supreme Court.[5]  The state supreme court construed the petition as one for a writ of habeas corpus and transferred the petition to the state trial court for consideration as a motion for post-conviction relief filed pursuant to either Fla. R. Crim. P. 3.850 or 3.800(a).  (Dkt. 9, Ex. BB).  The state trial court denied the petition to secure substantial justice on December 5, 2005.  (Dkt. 9, Ex. CC).

The instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was  signed and dated by Staas on December 14, 2005, and received by this Court on December 27, 2005.  The petition is timely.[6]  Upon review of the record, Staas's petition must be DENIED.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996,  "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).  Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits

---

[5] The date of filing and title of this motion are taken from the Florida Supreme Court's online docket in Case No. SC05-1471.  *See* http://jweb.flcourts.org/pls/docket/ds_docket.

[6] *See* Exhibit A attached to this order for an analysis of the timeliness of the instant petition.

in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254(d).  *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255  (11th Cir. 2002) ("[T]he statutory language [in § 2254(d)(1)] focuses on the result, not the reasoning that led to the result, and nothing in that language requires the state court adjudication that has resulted in a decision to be accompanied by an opinion that explains the state court's rationale). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

Under 28 U.S.C. §2244(d)(1), as amended by the AEDPA, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D).   Section §2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under §2244(d)(1).   Absent demonstration of either the timeliness of a petition pursuant to § 2244(d) or that the principle of equitable tolling applies in the particular case, an untimely petition must be dismissed by a federal district court.   28 U.S.C. § 2244(d)(1)(A)-(D).   Since Staas's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof.   Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Staas's claim.   *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

### Exhaustion and Procedural Default

Before this Court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.   *See* § 2254(b)(1)(A), (c); *Keinz v. Crosby*, 2006 WL 408686 (11th Cir. 2006); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).   "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."   *O'Sullivan,* 526 U.S. at 842; *see also Henderson*, 353 F.3d at 891 ("A

6

state prisoner seeking federal habeas relief cannot present a federal constitutional claim in federal court unless he first properly presented the claim to the state courts) (citations omitted)).   A § 2254 petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003) (citing 28 U.S.C. § 2254(c)).   In so doing, a state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt*, 348 F.3d at 1358-59 (citing O'Sullivan, 526 U.S. at 845).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."   *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Pursuant to this doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Id.* (citing O'Sullivan, 526 U.S. at 845-6).   Under the first exception, to establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986).   To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *See United States v. Frady*, 456 U.S. 152 (1982).   In other words, he must show that there

is at least a reasonable probability that the outcome of the proceeding would have been different.  *See Henderson*, 353 F.3d at 892 (citing *Wright*, 169 F.3d at 703; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002)).

Under the second exception, a federal court may review a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice.  *See Henderson*, 353 F.3d at 892 (citing *Murray*, 477 U.S. at 495-96).   "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent."  *Id*.  This exception relates to a petitioner's "actual" rather than "legal" innocence.  *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray*, 477 U.S. at 495-96)).   "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense."  *Panarites v. Crosby*, 2006 WL 196939 at *5 (M.D. Fla., Jan. 24, 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Moreover, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial."  *Johnson*, 256 F.3d at 1171 (citing *Calderon*, 523 U.S. at 559 (internal quotation omitted)).

### Standard for Ineffective Assistance of Counsel Claims

In four of the six claims for relief presented in the instant petition, Staas asserts that his right to effective assistance of counsel was violated.  The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him.  To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, Staas must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Hill v. Lockhart*, 474 U.S. 52 (1985).  First, he must demonstrate

that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation.  *Strickland,* 466 U.S. at 687-88.  This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases.  *Id.* at 689.  Second, even if Staas can show that counsel performed incompetently, he must also show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59.  A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings.  *Id.* at 694.

Under *Strickland*, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial."  *See Wilson v. Welch*, 2005 WL 1054031 (M.D. Fla., Mar. 31, 2005) (quoting *Walker v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)).   In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'"  *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).   "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take."  V*an Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002) (citing *Chandler*, 218 F.3d at 1315).   Counsel's trial strategy cannot be second guessed, as

9

"judicial scrutiny of counsel's performance must be highly deferential." *Chandler,* 218 F.3d at 1314 (quoting *Strickland,* 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler,* 218 F.3d at 1314-15.

## Discussion

### Ground One

In his first claim, Staas alleges that his attorney was ineffective in failing to advise him of a double jeopardy defense before advising him to plead guilty to multiple charges. Staas generally presented this claim to the state trial court in his Rule 3.850 motion. (Dkt. 9, Ex. J). The state trial court denied the motion for post-conviction relief. Staas appealed the state trial court's adverse decision and upon affirmation of the denial by the state district court of appeal, he filed a motion for rehearing that was ultimately denied. (Dkt. 9, Exs. M-P). Thus, this claim was exhausted and is properly before the Court in the instant petition.[7]

---

[7] A review of the record shows that Staas also raised this claim in his Petition for writ of habeas corpus dated February 25, 2004. (Dkt. 9, Ex. S). The claim was also denied in that petition and the denial was affirmed on appeal. (Dkt. 9, Ex. U)

In his supporting memorandum filed with his §2254 petition, Staas premises his claim on the following facts:

> Of the forty-four counts for fraudulent use of personal identification information, the charging document is disjunctive, where it alleges the petitioner fraudulently used "or" possessed with intent to fraudulently use personal identification information. It is, however, a matter of record that twenty-three of the forty-four charges for fraudulent use of personal identification information in Counts 2 thru [sic] 16 and 38 thru [sic] 45 are for items of personal identification that were in petitioners [sic] *possession* at the time of his arrest on August 8, 2001. The items in petitioner's *possession* included a social security card, an <u>expired</u> Florida Identification Card, various <u>expired</u> bank debit cards, telephone calling cards, merchant and hotel discount cards. Each of these "items" represents a separate charge of conviction.

(Dkt. 2, p.2) (emphasis in original). In Counts 2-16 and 38-45 of the Information, Staas was charged with fraudulent possession or use of personal identification information pursuant to Florida Statute § 817.568(2).[8] The crux of Staas's claim is that "the prohibited item(s)

---

[8] This statute provides that:

> (2)(a)   Any person who willfully and without authorization fraudulently uses, or possesses with intent to fraudulently use, personal identification information concerning an individual without first obtaining that individual's consent, commits the offense of fraudulent use of personal identification information...

Fla. Stat. § 817.568(2)(a). "Personal identification information" is defined, in relevant part, as follows:

> (1)(f)   "Personal identification information" means *any* name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including *any*:
>
> 1. Name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state-issued or United States-issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, credit or debit card number, or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized electronic use of such card;
> ...
>
> 3.   Unique electronic identification number, address, or routing code;
> ...
>
> 5.   Telecommunication identifying information or access device; or
>
> 6.   Other number or information that can be used to access a person's financial resources.

set forth in § 817.568 are described with specificity and use the article 'any' to describe

them, thereby creating an ambiguity with respect to the unit of prosecution." (Dkt. 2, p. 3).

He appears to contend that such ambiguity precluded his convictions for multiple counts

under § 817.568(2)(a) and that his possession of multiple items of personal identification

at the time of his arrest should have been treated as a single offense.  Based on this

contention, Staas asserts that his attorney was ineffective in advising him to plead guilty

to the multiple charges in Counts 2-16 and 38-45 of the Information because such charges

were barred by the principle of double jeopardy.[9]

The state trial court summarily denied this claim is Staas's Rule 3.850 motion without

discussion.[10]  Thus, to establish that he is entitled to relief on this claim, Staas must show

---

(1)(a)   "Access device" means any card, plate, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by paper instrument.

F.S.A. § 817.568(1)(a), (f) (emphasis added).

   [9] Staas relies, in part, on the Florida Supreme Court's decision in *State v. Watts*, 462 So.2d 813 (Fla. 1985) to support his argument.  In *Watts*, the defendant was found guilty of two counts of possession of prison-made knives.  On appeal, the Florida First District Court of Appeal held that the defendant should have been adjudged guilty of only one count instead of two because the possession was simultaneous in time and essentially in space and therefore the multifaceted offense must result in a single prosecution sentence.  *See Watts v. State*, 440 So.2d 505 (Fla. 1st DCA 1983).  Upon review, the Florida Supreme Court held that Watts could not be charged with multiple offenses for possession of the two knives.  *See Watts*, 462 So.2d at 813.

   [10] In its order denying the Rule 3.850 motion, the state trial court stated as follows:

THIS CAUSE came before the Court upon the Defendant's Motion For Post Conviction Relief.  After reading the pleading and being otherwise fully advised in the premises of the Motion, it is ORDERED AND ADJUDGED that the Court hereby DENIES the Defendant's Motion For Post Conviction Relief.

(Dkt. 9, Ex. M).  While the state trial court failed to cite the standard enunciated in *Strickland* for ineffective assistance of counsel claims as the applicable legal standard for its analysis, such an explicit citation is not required.  A state court does not have to cite Supreme Court precedent, or even be aware of it, so long as its decision is not inconsistent therewith. *See Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).  In Florida, ineffective assistance of counsel claims are evaluated using the *Strickland* standard.  *See Walls v. State*, 926 So.2d 1156 (Fla. 2006).

that the state trial court incorrectly applied the *Strickland* standard in reaching its determination that this claim lacks merit.  He has not made this showing.

Staas's claim is vague and conclusory at best.  He does not provide any factual support in his petition, accompanying memorandum or reply to demonstrate that he is entitled to relief.  *See Hill*, 474 U.S. at 52 (conclusory allegations presented in support of an ineffective assistance of counsel claim are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim).  In his reply to Respondent's response, he contends:

> Had the record <u>not</u> reflected that 23 counts for fraudulent use for [sic] possession with intent to fraudulently use personal identification information where [sic] barred by double jeopardy and the petitioner had <u>not</u> claimed the multiple convictions were obtained involuntarily due to counsels [sic] misadvice, then the state's argument [that the he had not shown that the state courts unreasonably applied *Strickland* by failing to find that his trial counsel was not the "counsel" guaranteed him by the Sixth Amendment] would have been persuasive.

(Dkt. 10, p. 4).  Aside from his recitation of statutory language, citation to various cases and references to charges in the Information, Staas has not presented any factual basis to show that his being charged with multiple counts of fraudulent possession or use of personal identification information in one Information was prohibited under Florida law as violative of the principle of double jeopardy as he conclusively contends.  (Dkt. 10, p. 4).  Thus, he presents no basis upon which it can be concluded that a double jeopardy defense was even viable in his criminal case.  Even assuming, *arguendo*, that this were true and that his attorney's alleged failure to advise him of the possibility of a double jeopardy defense was deficient, Staas has not shown nor has he specifically claimed that, but for this error, he would not have pled guilty and would have insisted on proceeding to trial.  *See*

*Hill*, 474 U.S. at 59.  In the absence of an allegation of prejudice, a claim of ineffective assistance of counsel cannot succeed because it does not satisfy the requirements of *Strickland*.  Based on the bare allegations presented to support this claim, the state trial court's rejection of it was a reasonable application of the *Strickland* standard.  Thus, Staas is not entitled to relief on this claim.

**Ground Two**

Staas claims that his attorney rendered ineffective assistance in failing to advise him of a double jeopardy defense where the charges of organized scheme to defraud and fraudulent use of personal identification information share common elements and the underlying facts that gave rise to the fraudulent use prosecution were the sole basis of the organized fraud prosecution.  He contends that the Information clearly shows that the organized scheme to defraud charge was premised on the 44 charges of fraudulent use of personal identification presented in Counts 2-45.  Beyond these scant allegations, Staas does not present any factual basis to support this claim of ineffective assistance of counsel.

Respondent asserts that Staas generally raised this claim in his December 10, 2003, Rule 3.800 motion.  A review of that motion shows that while Staas did present the underlying basis for the claim, that his convictions for both the organized scheme to defraud and fraudulent use of personal information were obtained in violation of the prohibition against double jeopardy, he presented the claim as a double jeopardy claim under the Fifth Amendment[11], not as an ineffective assistance of counsel claim under the Sixth Amendment.  Staas did, however, present general allegations relating to such an

---

[11] Staas also presented a similar Fifth Amendment claim in his state petition for writ of habeas corpus. (Dkt. 9, Ex. S).

14

ineffective assistance claim in his Rule 3.850 motion. In that motion, Staas alleged that "his conviction(s) were not obtained voluntarily due to counsel's incorrect advise [sic] to plead guilty to charges that were in violation ... of double jeopardy principles. Moreover, counsel failed to investigate and inform defendant of such viable means of defense as stated above." (Dkt. 9, Ex. J)[12]. What he did not do however, was specifically allege that his attorney was ineffective for failing to advise him of the viability of a double jeopardy defense to the charges for both the organized scheme to defraud and fraudulent use of personal information, the claim he now presents in the instant § 2254. His vague and general allegations of a double jeopardy claim and an ineffective assistance claim are not sufficient for the Court to find that the instant claim, a conglomerate of several subclaims presented to the state courts, was properly presented first to the state courts for their review. Thus, this claim is not exhausted for purposes of federal habeas review.

Issues presented in a federal habeas corpus petition must have been fairly presented to the state courts and exhausted prior to presentation in a § 2254 petition.[13] *See* 28 U.S.C. § 2254(b)(1); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). To exhaust a claim sufficiently, a petitioner must have presented the state court with the particular legal basis for relief in addition to the facts supporting it. *See Diaz*, 2006 WL 3469522 at *1 (citing *Kelley v. Sec'y for Dep't of Corrs.*, 377 F.3d 1317 (11th Cir. 2004)

---

[12] In his reply, Staas points out that while his Rule 3.800 motion was pending, he filed his Rule 3.850 motion in which he moved to incorporate the Rule 3.850 motion with the pending Rule 3.800 motion "for the sake of judicial economy." (Dkt. 9, Ex. J). There is no indication from the state trial court's orders denying these motions that this request to consolidate was granted.

[13] Although the State did not specifically assert an exhaustion argument in its response to this claim, where the AEDPA applies, the state will not be deemed to have waived the exhaustion requirement unless it indicates its intention to waive the requirement expressly. *See Diaz v. Sec'y for the Dep't of Corrs.*, 2006 WL 3469522 at *1 (S.D. Fla., Sept. 18, 2006); 28 U.S.C. § 2254(b)(3).

(internal citations omitted)).  While it is not necessary that a petitioner present in the federal habeas proceeding "a verbatim restatement of the claims brought in state court," in cases involving ineffective assistance of counsel claims, the Eleventh Circuit has held that habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts.  *See Diaz*, 2006 WL 3469522 at *2 (citing *McNair*, 416 F.3d at 1302; *Johnson v. Singletary*, 162 F.3d 630, 634-5 (11th Cir. 1998); *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992)).  Where a petitioner raises an ineffective assistance of counsel claim in state court, but alleges different supporting facts in his federal habeas proceeding, he will be deemed to have failed to fairly present the federal claim to the state court.  *See Diaz*, 2006 WL 3469522 at *2 (citing *Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994) (rejecting petitioner's argument that "the general claim of ineffective assistance of counsel in state court preserves for federal review all alleged instances of ineffectiveness, regardless of whether evidence of a particular act was presented to the state court")).  A petitioner must present his claims to the state courts such that they have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim."  *See Kelley*, 377 F.3d at 1344 (citing *Picard v. Connor*, 404 U.S. 270 (1971)).  Thus, the prohibition against raising non-exhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific factual contentions that might support relief.  *Id.*

In the instant case, Staas did not directly present the ineffective assistance claim presented in Ground Three of the instant petition to the state courts in either his Rule 3.800 motion or his Rule 3.850 motion.  His generalized allegations of ineffective assistance and

double jeopardy violations presented in his state post-convictions motions are insufficient for this Court to find that he squarely presented the instant claim to the state courts. *See Kelley*, 377 F.3d at 1344 ("... habeas petitioners cannot preserve otherwise unexhausted, specific claims of ineffective assistance merely by arguing that their lawyers were ineffective in a general and unspecified way."); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"). However, were Staas to now attempt to raise this claim in state court, the claim would be procedurally barred. *See Crosby v. Crosby,* 2005 WL 1126563 at * 2 (M.D. Fla., May 5, 2005) (citing *Tafero v. State*, 561 So.2d 557 (Fla. 1990) (additional claims of ineffective assistance of counsel cannot be raised in a successive motion for post-conviction relief where ineffectiveness was raised and addressed in the first motion)); Fla. R. Crim. P. 3.850(b), (f).   Portions of a petitioner's claim that are not exhausted but would clearly be barred if returned to state court must be dismissed.   *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).   "An issue that was not properly presented to the state court which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review."   *Cobbs v. McDonough*, 2006 WL 2092381 at *8 (M.D. Fla., July 26, 2006) (citing *O'Sullivan*, 526 U.S. at 839-40, 848).   Thus, this Court cannot consider Staas's claim unless he can make a showing that the cause and prejudice or the fundamental miscarriage of justice exception is applicable.   *See Jones*, 256 F.3d at 1138; *O'Sullivan,* 526 U.S. at 845-6.

Staas has not demonstrated cause or prejudice that would excuse his default. Moreover, he has neither alleged nor shown that the actual innocence exception applies. Absent such a showing, a federal habeas court should not discuss the merits of a claim that has been procedurally defaulted in state court.  *See  Surrency v. Hadi*, 2006 WL 3469534 at *6 (M.D. Fla., Nov. 30, 2006) (citing *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir.1995)).  Accordingly, Ground Two of the instant petition is procedurally barred and relief will be denied.  *See Amoroso v. McDonough*, 2006 WL 2507618 at *3 (M.D. Fla., Aug. 29, 2006);  *Kelley*, 377 F.3d at 1344.

**Ground Three**

Staas claims that his attorney was ineffective in failing to conduct a reasonable investigation into the charges presented in Counts 24, 25, 29, 33, 34, 35, 36 and 37 of the Information and misadvised him to plead guilty to fundamentally erroneous charges where his conduct did not constitute the crimes for which he was convicted.  He further contends, as a consequence of this misadvice, that his right to due process was denied when he was convicted for conduct that did not constitute the offenses charged in the Information.

Respondent contends that Staas generally presented this claim in his February 25, 2004, state petition for writ of habeas corpus.  Respondent asserts that this claim was denied by the state trial court as legally insufficient because it was not cognizable in a petition for writ of habeas corpus as it could have been raised in a Rule 3.850 motion. Thus, this claim is unexhausted, as any new Rule 3.850 motion would be denied as successive and an abuse of procedure; therefore, the instant claim is procedurally defaulted.

18

In his state habeas petition, Staas presented the following claim:

> Petitioner's counsel failed to obtain copies of the "offense reports" from the prosecutors office or the Sheriffs Department where he could investigate the basis for the alleged charges filed by the state.  Furthermore, counsel failed to report the states' [sic] violation of a [sic] applicable discovery rule to the court.  Moreover, counsel failed to conduct a reasonable, adequate investigation of these charges and erroneously advised petitioner to plead guilty to crimes that were not committed.  See: Phillips v. Mills, 1999 US App LEXIS 20628 (6th Cir. August 25, 1999) (Counsel failed to conduct reasonable adequate investigation before advising petitioner to plead guilty).  See generally: Scott v. Wainwright, 698 F2d 427, 429-30 (11th Cir. 1983) (holding trial counsels [sic] failure to learn the facts and familiarize himself with the law in relation to the plea agreement constitutes ineffective assistance and renders the guilty plea invalid).

(Dkt. 9, Ex. S).  In its order denying this petition, the state trial court held as follows:

> Upon review of the Defendant's petition the Court finds that the matters raised concern the voluntariness of the Defendant's plea premised on allegations of misinformation from his trial attorney, failure of the state to disclose material, exculpatory evidence, and ostensibly, claims of double jeopardy.  Further, the Defendant's verified petition alleges that he has filed both a Rule 3.800 and Rule 3.850 motion raising these issues.  The Rule 3.850 motion was, according to the petition, summarily denied without reasoning or record attachments.  The petition also alleges the denial of the Rule 3.850 motion was per curiam affirmed on appeal.  Courts generally agree that habeas corpus proceedings may not be used to provide the petitioner with an additional appeal regarding issues or claims that could have been or were raised on appeal or in a Rule 3.850 motion.  Collins at 1246.  What the Defendant has not alleged is that he would be entitled to immediate release if the petition were granted.  Based on the foregoing, the Court finds the Petition is legally insufficient for not alleging entitlement to immediate release, and that the claims raised are not cognizable in a petition for writ of habeas corpus.

(Dkt. 9, Ex. T).  Staas appealed the denial to the state district court of appeal which affirmed the trial court's decision on November 30, 2004.  (Dkt. 9, Ex. U).  *See also, Staas v. State*, 888 So. 2d 653 (Fla. 5th DCA 2004) [Table].

Under the doctrine of procedural default, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state

procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the clams will result in a fundamental miscarriage of justice." *See Smith v Crosby*, 159 Fed.Appx. 76, 78 (11th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991 ) (internal quotations omitted)).  To the extent Staas's ineffective assistance of counsel claim was fairly presented to the state trial court in the petition for writ of habeas corpus, the claim was appropriately denied on the procedural ground that it should have been raised in a Rule 3.850 motion.[14]  The state district court of appeal affirmed the state trial court's decision.  Thus, this claim is unexhausted and procedurally defaulted.  Any attempt to return to state court to raise this claim would be barred by state procedural rules related to the timeliness of a Rule 3.850 motion and successive petitions.  Accordingly, this claim of Staas's § 2254 petition is procedurally barred in this Court absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Upon review, the Court finds that Staas has not shown cause for the default and actual prejudice to overcome the procedural bar, nor has he alleged or shown that the actual innocence exception applies.  The Court is therefore prohibited from reaching the merits of this claim and relief on Ground Three of the instant petition will be denied.

**Ground Four**

Staas alleges that his attorney was ineffective in failing to advise him that Counts

---

[14] Pursuant to Florida law, the proper procedural vehicle for an ineffective assistance of counsel claim is a motion for post-conviction relief under Fla. R. Crim. P. 3.850.  *See Dennis v. State*, 696 So.2d 1280, 1282 (Fla. 4th DCA 1997); Fla. R. Crim. P. 3.850.

46 and 47 of the Information charging him with fraudulently making application for a Florida driver's license or identification card, a third degree felony, were barred by the statute of limitations.  He asserts that the Information was filed on August 8, 2001, and that the date of the offenses alleged in Counts 46 and 47 occurred on June 11, 1996, and April 15, 1998, respectively.  Staas contends that pursuant to Florida law, prosecutions for third degree felonies must commence within three years of the date of the offense.

In its response, the Respondent asserts that this claim lacks merit because, as the warrant for the affidavit showed, the victim contacted law enforcement on May 19, 2001. Pursuant to section 775.15(3)(a), Florida Statutes, the limitation period for offenses involving a material element of fraud extends the limitation period to one year from the date of discovery by the victim as long as the period is not extended by more than three years. Accordingly, the State could have amended the Information to include that fact had a challenge been raised, and thus, no prejudice could be established on this claim.

A review of the record shows that Staas presented a substantive statute of limitations claim that Counts 46 and 47 of the Information were time barred under Florida law in his February 25, 2002, state petition for writ of habeas corpus and in Ground Three of his December 10, 2002, Rule 3.800(a) motion to correct an illegal sentence.  He also made a vague claim of ineffective assistance in Rule 3.850 motion wherein he asserted that "counsel was ineffective for failing to investigate that numerous charges were time-barred by the statute of limitations."  This claim is not properly before the Court for review.

Staas did not squarely present this claim of ineffective assistance of counsel based on his attorney's alleged failure to advise him that Count 46 and 47 were time barred under

21

applicable Florida law to the state courts for review prior to presenting it in the instant § 2254 petition.  The fact that he presented various forms of a statute of limitations claim in various pleadings before the state trial court is not sufficient to demonstrate exhaustion of his federal ineffective assistance claim.  The Court cannot find this claim is exhausted based on Staas's piecemeal presentation of his claim to the state trial court.  Having reviewed the record, the Court finds that Staas has not fairly presented the federal dimension of this claim to the state courts.  *See Kelley*, 377 F.3d at 1344; *Snowden*, 135 F.3d at 735.  Here again, it would be futile to dismiss this claim to give Staas an opportunity to exhaust his federal claim in the state courts because it should have been raised in his Rule 3.850 motion.  Thus, this claim is now procedurally barred in state court.  Staas has not shown cause for the default and actual prejudice, nor has he demonstrated that the actual innocence exception applies.  Thus, the Court is prohibited from reaching the merits of this claim and relief on Ground Four of the instant petition will be denied.  *See Surrency v. Hadi*, 2006 WL 3469534 at *5-6 (M.D. Fla., Nov. 30, 2006)*; Kight v. Singletary*, 50 F.3d 1539, 1543 (11th Cir. 1995).

**Ground Five**

In Ground Five, Staas asserts that the state trial and appellate courts failed to hold an "evidentiary hearing on cognizable claims that were not refuted by the record, failed to state its rationale for denial, and failed to attach portions of the record that conclusively refuted any of the claims presented in the motions and petitions before the court."  He claims such actions by the state courts with respect to his post-conviction motions are a violation of is right to due process under the Fourteenth Amendment.  This claim is not

cognizable in this Court under § 2254.

It is well established in the Eleventh Circuit that a federal court is not the appropriate forum for a prisoner who wishes to challenge the process afforded him in state collateral proceedings.  *See Heard v. Crosby*, 2005 WL 941020 at *4 (N.D. Fla., Apr. 23, 2005) (citing *American Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)).  This is due to the fact that such a challenge is an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself.  *See Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (concluding that petitioner's § 2254 claim that the state trial court violated his due process rights because it failed to conduct an evidentiary hearing and did not attach to its opinion denying relief those portions of the record on which it relied went to issues unrelated to the cause of petitioner's detention and did not state a basis for habeas relief); *Bacharach v. McDonough*, 2006 WL 1775909 at *8 (N.D. Fla., June 23, 2006) (because § 2254 petitioner's claim was merely a challenge to the procedure used by the state courts in a post-conviction matter and was not a constitutional challenge to his confinement, the claim did not constitute grounds for habeas relief).

Staas's claim amounts to an assertion that the state court's fact-finding process in the context on his various motions for post-conviction relief was inadequate for failing to provide him with an evidentiary hearing and written findings expounding on the state courts' reasons for denying the motions.  This is clearly a state law claim challenging the state's

23

application of state procedure that does not rise to the level of a federal constitutional violation. *See James v. Gladish*, 2005 WL 2548453 at *5 (M.D. Fla., Oct. 12, 2005). Such a claim is not cognizable on federal habeas corpus review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The Eleventh Circuit has stated that a federal writ of habeas corpus is only available in cases of federal constitutional error. *See id.* (citing *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990)). This limitation on federal habeas review applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976).[15]

In the instant case, although Staas's claim is couched in terms of due process, the substance of the claim alleges an error of state law by the state courts. Thus, his challenge is an attack on a proceeding collateral to his confinement and not the confinement itself. Because the claim is not cognizable in a § 2254 petition, it must be denied. *See Quince,* 360 F.3d at 1261-62; *Spradley*, 825 F.2d at 1568; *Bacharach*, 2006 WL 1775909 at *8.

**Ground Six**

In Ground Six, Staas alleges that his Sixth Amendment right to trial by jury was

---

[15] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

violated and that his 102 month sentence "patently fails to comport with constitutional and statutory limitations."  In support of this allegation, he contends that the state trial court judge imposed a sentence greater than was merited by the facts established in the plea agreement and admitted by him.  He further contends in his supporting memorandum that the state trial court judge was not authorized to impose a 102 month sentence solely for the offense of organized scheme to defraud, and that there were no aggravating circumstances or factors found by the judge, alleged in the Information, established in the plea agreement, admitted by him, or found by a jury that would authorize a 102 month sentence.  Staas presented this claim in his January 10, 2005, Rule 3.800 motion for post-conviction relief. (Dkt. 9, Ex. W).  Following the state trial court's denial of the motion, Staas pursued this claim on appeal to the state district court of appeal which affirmed the trial court's decision.[16]  (Dkt. 9, Ex. Z).  *See also, Staas v. State*, 907 So.2d 1179 (Fla. 5th DCA 2005) [Table].  Thus, this claim is exhausted.

In support of his claim, Staas asserts that at his change of plea/sentencing hearing, the state trial court "judge imposed a sentence of 102 months for the offense of organized scheme to defraud as charged in Count One of the [i]nformation and further, in violation of the foregoing specific terms stipulated in the plea agreement, imposed a second sentence of 60 months under the Criminal Punishment Code that became effective October 1, 1998 for the remaining charges of the same [i]nformation."  (Dkt. 2, p. 11).  He asserts that, although the 60 month sentence ran concurrently with the 102 month sentence, the judge was not authorized to impose such a sentence pursuant to the terms of his plea

---

[16] Staas also presented this claim in his August 19, 2005, petition to secure substantial justice which was denied by the state trial court.

agreement.[17]  He claims that the judge "could not have imposed a sentence nearly 700% above the maximum of the recommended guidelines range, solely on the facts admitted by [him] in the plea agreement."   Staas alleges that his Sixth Amendment right to trial by jury was violated because he did not admit any relevant facts, nor were any found by a jury, to authorize his "exceptional" 102 month sentence.   Finally, Staas contends that the state trial court judge was precluded from departing from the recommended guidelines sentence for reasons that include "circumstances or factors relating to prior arrest without conviction or charged offenses for which convictions have not been obtained."  (Dkt. 2, p. 13).  Relying on the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Ring v. Arizona*, 536 U.S. 584 (2002)[18] and various state law cases, Staas alleges his Sixth Amendment right to trial by jury was violated.

To the extent that Staas is challenging the State's application of its own sentencing

---

[17] The plea agreement states, in relevant part, as follows:

4. Pursuant to the provisions of Fla.R.Crim.P. 3.171, I enter my plea as part of the following agreement negotiated with the State, to be presented to the Court for acceptance:

The defendant shall be adjudicated guilty of each charge indicated above.

The defendant shall be sentenced to one-hundred two (102) months in Florida State Prison in accordance with the Florida Sentencing Guidelines which became effective January 1, 1994.  s. 921.002-0016, Fla.Stat. (Supp. 1994).  All statutory gain time provisions applicable in this case will be determined by the Department of Corrections.  There are no representations or promises made to the Defendant regarding the amount of time the defendant will ultimately serve.

(Dkt. 2, Ex. C).

[18] In *Apprendi*, the United States Supreme Court held that "[o]ther that the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 430 U.S. at 490.  Under *Ring*, a defendant is entitled to a jury determination of aggravating factors necessary for imposition of the death penalty.  *See United States v. Denson*, 2006 WL 1451536 at *1 (N.D. Fla. May 23, 2006); *Ring*, 536 U.S. at 609.  In Florida, *Ring* does not apply retroactively to defendants whose convictions were already final at the time of that decision.  *See Johnson v. State*, 904 So.2d 400, 407 (Fla. 2005).

guidelines, his claim is not cognizable in this § 2254 action.  *See* 28 U.S.C. § 2254 (a); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).   The Eleventh Circuit has stated that "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citations omitted).   To the extent that Staas's sentence is within the parameters set out by the Florida legislature as punishment for his offenses, absent some other conduct implicating an infringement of his federal constitutional rights, he cannot state a cognizable claim for federal habeas relief.

Staas entered into a valid plea agreement in which he agreed to a 102 month sentence pursuant to the 1994 Florida Sentencing Guidelines (the "guidelines").  He does not deny that he agreed to the 102 month sentence as part of his plea, nor does he challenge the validity of the plea itself in this claim.  To the extent that the sentence is a departure, it is was held by the state trial court to be appropriate under Florida law upon that court's consideration of Staas's Rule 3.800(a) post-conviction motion.[19]  A departure

---

[19] Following the submission of his Rule 3.800(a) motion to correct an illegal sentence, the state trial court held a hearing on the motion on March 3, 2005, without Staas present.  (Dkt. 2, Ex. D).  Staas does not challenge the state trial court's holding of the hearing in his absence.  The hearing proceeded as follows:

| | |
|---|---|
| MS. KLAPKA: | On Page 40, Douglas Staas, Case Number 01-959. |
| MR. CAMPBELL: | Good morning, Your Honor. |
| THE COURT: | Good morning. |
| MR. CAMPBELL: | I am Mark Campbell from the Office of the Statewide Prosecutor down in Tampa.  Mr. Staas is currently in the Department of Corrections.  He filed a motion to correct and illegal sentence. |
| THE COURT: | Have you had an opportunity to review that motion? |

| | |
|---|---|
| MR. CAMPBELL: | I have, Judge.  Judge, he's got a good point, but I don't know if it makes any difference.  What Mr. Staas alleges is that pursuant to his very explicit plea agreement, he accepted 102 months in Florida State Prison. |
| | However, Mr. Staas, he was sentenced under three separate guidelines.  The 102 months was only available to be given to him on the first three felonies, scheme to defraud.  That would have been an upward departure on that individual count because that count sat alone on its guidelines. |
| | He calls that an illegal sentence.  What I believe his argument supports is that what this Court failed to do was explicitly note that that would be an upward departure on that count. |
| THE COURT: | Yes, but it was within the Criminal Punishment Code, and within the statutory maximums, correct? |
| MR. CAMPBELL: | Judge, unfortunately, that particular count did not fall under the code.  That particular count fell under the '94 guidelines. |
| THE COURT: | Okay. |
| MR. CAMPBELL: | And what we should have done, perhaps, is noted – check and said this is a legitimate uncoerced plea bargain because it's in writing.  We have a – |
| THE COURT: | Well, that's what it was.  And so, therefore, it would amount to an appropriate upward departure with the other cases and other charges. |
| MR. CAMPBELL: | On that particular count, Count I, where he got 102 months, but it was clearly an upward departure, his argument is valid.  And so then I guess we – |
| THE COURT: | But it was an uncoerced plea agreement. |
| MR. CAMPBELL: | It was.  And it's in writing. |
| THE COURT: | So it seems like to me that's all the Court needs to do today, and for purposes of this hearing enter that finding, enter an order to that effect. |
| MR. CAMPBELL: | Certainly, Judge, that's where I was going with this.  That's the appropriate remedy. |
| THE COURT: | All right.  Then I think the State's position is well taken; that it was an uncoerced plea agreement on a number of charges. |
| MR. CAMPBELL: | Yes, sir. |
| THE COURT: | And therefore his motion is without merit on that one particular count.  So if you'll prepare an order, I'll enter it with those findings. |
| MR. CAMPBELL: | Thank you, Judge. |
| THE COURT: | Thank you.  Next case. |

28

sentence imposed pursuant to a plea bargain agreement, which is valid under Florida law, is not an illegal sentence. *See Holmes v. State*, 650 So.2d 1093, (Fla. 3rd DCA 1995); *Quarterman v. State*, 527 So.2d 1380 (Fla. 1988); *Casmay v. State*, 569 So.2d 1351 (Fla. 3rd DCA 1990). Moreover, a departure sentence imposed pursuant to a valid plea agreement does not need written reasons to justify the departure. *See State v. Williams*, 667 So.2d 191, 193 (Fla. 1996). "A valid plea agreement constitutes clear and convincing grounds for the trial judge to impose a departure sentence." *Lewis v. State*, 911 So.2d 238, 240 (Fla. 3rd DCA 2005).

*Apprendi* comes into play in cases where a defendant's sentence exceeds the statutory maximum penalty. In Florida, for purposes of determining a constitutional violation under *Apprendi*, the "statutory maximum" under the state's sentencing scheme is the maximum penalty set forth in section 775.082, Florida Statutes. *See McCloud v. State*, 803 So.2d 821, 827 (Fla. 5th DCA 2001) (citations omitted). The maximum valid sentence under Florida law for a first degree felony is a term of imprisonment not exceeding thirty years. Fla. Stat. § 775.082(3)(b) (2005). Thus, in order for Staas's sentence to be violative of *Apprendi*, his sentence for the organized scheme to defraud, a first degree felony, must have exceeded thirty years. It is clear that his 102 month sentence is well below the statutory maximum sentence of 360 months for a first degree felony. *See id.* Therefore, he was not entitled to post-conviction relief based on *Apprendi* in his Rule 3.800(a) motion to correct an illegal sentence. *See Caraballo v. State*, 805 So.2d 882 (Fla. 2nd DCA 2001) (holding that because defendant's sentence did not exceed the statutory maximum, he was

_____

(Dkt. 2, Ex. D).

not entitled to post-conviction relief under *Apprendi*).

Based on the foregoing, Staas's claim presented in Ground Six is not cognizable under § 2254.  Even assuming, *arguendo*, that it were, Staas would not be entitled to relief because he has not shown that either the reasoning or the result of the state court decision rejecting his claim is at odds with any United States Supreme Court case, much less one in which the facts are "materially indistinguishable."  *See Bell v. Cone*, 535 U.S. 685, 694 (2002).  Accordingly, the Court cannot conclude that the trial court's rejection of Staas's claim was objectively unreasonable.  Therefore, he is not entitled to relief on this claim.

**Ground Seven**

In his final claim, Staas alleges his attorney was ineffective in failing to advise him of the maximum sentence he faced upon conviction of the organized scheme to defraud charge.  In its response, the Respondent asserted that this claim is both unexhausted and procedurally barred.  In his reply, Staas concedes this point.[20]  Therefore, the Court need not address Ground Seven and it will be denied.[21]

---

[20] In his reply, Staas states as follows with respect to Ground Seven:

In the state's response to Ground Seven, the state asserts the instant ground is both unexhausted and procedurally barred.  Notwithstanding petitioner's adherence to his claim, that trial counsel was ineffective by not advising him the maximum sentence authorized by the facts admitted by the petitioner in the plea agreement was 13.4 months, the petitioner acquiesces the instant ground is both unexhausted and procedurally barred.

(Dkt. 10, p. 16).

[21] Notwithstanding Staas's concession, had he persisted in his pursuit of this claim, it would have been deemed unexhausted.  Although a copy of the petition was not filed in this case, it appears Staas raised this claim in his petition to secure substantial justice.  In its order denying that petition, the state trial court stated, in part, that:

"[t]he petition asserts for the first time that counsel misrepresented the potential sentence in the event a plea was not entered.  This issue has not been raised in prior motions and is untimely.  Defendant's petition is a successive attempt to avoid his plea bargain which has been upheld in the past.  The

Accordingly, the Court orders:

That Staas's § 2254 petition is denied, with prejudice.  The Clerk is directed to enter judgment against Staas and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

---

Court has previously addressed the issues related to Defendant's sentence and held that it was the result of an uncoerced plea bargain."

(Dkt. 9, Ex. CC).  To the extent this claim can be considered to have presented a federal ineffective assistance of counsel claim, it would barred from review in this Court because it was defaulted pursuant to independent and adequate state procedural rules on timeliness and successive petitions. *See Smith*, 159 Fed.Appx. at 78.  Any attempt to return to state court to raise this claim would be barred by state procedural rules.  Thus, federal review of the claim would be barred absent a showing of cause and prejudice or a fundamental miscarriage of justice.  To the extent that his claim as presented in the instant case does not demonstrate that either exception to overcome the procedural bar is applicable, the Court could not reach the merits of the claim and relief would be denied.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 8, 2007.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Douglas Staas

**EXHIBIT A**

**Timeliness of Staas's § 2254 petition**

Staas elected to forego the direct appeal process. Consequently, he could not petition the United States Supreme Court for petition of writ of certiorari because he failed to avail himself of the opportunity to seek review by a state court of last resort. *See* 28 U.S.C. § 1257; *Martinez v. Crosby*, 2005 WL 3133471 at *4 (M.D. Fla. Nov. 23, 2005). Accordingly, Staas's convictions became final for state appellate purposes on April 25, 2002, at the expiration of the period for seeking direct review in the Florida state courts. *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that judgment of conviction became final on the date that the time for seeking direct review expired where petitioner did not appeal his conviction or sentence); *McGee v. State*, 684 So.2d 241, 242 (Fla. 2nd DCA 1996); *Gust v. State*, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, his conviction becomes final when the thirty day period for filing a direct appeal expires); Fla.R.App.P. 9.110(b) (appeal of final order of lower tribunal must be filed within 30 days of rendition of the order to be reviewed); Fla.R.App.P. 9.020 (order is rendered when a signed, written order is filed with the clerk of the lower tribunal). Staas then had one year, until April 25, 2003, to file a timely § 2254 petition in this Court.

Staas did not file any motions for post-conviction relief between April 26, 2002, and July 15, 2002. Thus, 80 days of the one year limitations period under 28 U.S.C § 2244(d) elapsed. On July 15, 2002, Staas signed his Rule 3.800 motion to clarify sentence. In accordance with the mailbox rule, the Court will assume that Staas presented the motion to prison officials for mailing on July 15, 2002, and consider it filed as of that date, thus

33

stopping the running of the § 2244 limitations period.  *See* 28 U.S.C. § 2244(d)(2).  The state trial court denied the motion on September 9, 2002, and Staas appealed that denial to the state district court of appeal.  While the appeal of the denial of this Rule 3.800 motion was pending, Staas filed his next Rule 3.800(a) motion to correct an illegal sentence on December 10, 2002.  At that time, because the appeal of the denial of the first 3.800 motion to clarify sentence was still pending, the limitations period remained tolled, unaffected by the filing of the second Rule 3.800 motion.

Thirteen days later, on December 23, 2002, Staas filed his motion for belated appeal.  The motion was denied on January 9, 2003.  Though it is unclear whether this motion would toll the limitations period had it been filed while no other properly filed post-conviction motion was pending[22], the effect of this motion is of no consequence to the Court's timeliness analysis because the limitations period was tolled by virtue of the pendency of the appeal of the denial of the motion to clarify sentence.

On February 4, 2003, the state district court of appeal affirmed the denial of the motion to clarify sentence.  The mandate issued on February 21, 2003.  *See* Florida Fifth District Court of Appeal online docket at http://199.242.69.70/pls/ds/ds_docket.  At that point, the motion to correct an illegal sentence was still pending in the state trial court and the limitations period remained tolled.

On April 28, 2003, Staas filed his Rule 3.850 motion for post-conviction relief.  On May 27, 2003, the state trial court denied his Rule 3.800 motion to correct an illegal sentence which he appealed to the state district court of appeal.  At that point, the Rule

---

[22] *See Miller v. Crosby*, 180 Fed.Appx. 126, 128 (11th Cir. 2006) ("We have not addressed whether a motion seeking a belated appeal tolls an unexpired AEDPA period.").

3.850 motion and his appeal of the denial of his second Rule 3.800 motion were pending and the limitations period remained tolled.

On July 24, 2003, the state trial court denied the Rule 3.850 motion and Staas appealed.  On July 29, 2003, the state district court of appeal affirmed the denial of the Rule 3.800(a) motion to correct an illegal sentence.  At that point, Staas's appeal of the denial of his Rule 3.850 motion was still pending in the state district court of appeal and the limitations period remained tolled.

On August 15, 2003, the mandate issued on the state district court of appeal's denial of the motion to correct an illegal sentence.  The limitations period did not recommence to run because the appeal of the denial of the Rule 3.850 motion was still pending.  On October 7, 2003, the state district court of appeal affirmed the state trial court's denial of the Rule 3.850 motion for post-conviction relief.  On October 15, 2003, Staas timely filed a motion for rehearing of the denial of the Rule 3.850 motion.  *See* Fla. R. Crim. P. 3.850(g).  The state district court of appeal of appeal denied the motion for rehearing on November 5, 2003, with the mandate issuing on November 24, 2003.  *See* Florida Fifth District Court of Appeal online docket at http://199.242.69.70/pls/ds/ds_docket.  As of November 24, 2003, Staas had no other post-convictions motions or appeals pending.  Thus, the limitations period recommenced to run on November 25, 2003.  At that time, because the limitations period remained tolled from July 15, 2002, when Staas filed his motion to clarify sentence through the pendency of all the aforementioned post-conviction motions and appeals, 288 days of the limitations period remained for Staas to file a timely § 2254 petition in this Court.

Staas next sent a letter with a certificate of service dated January 30, 2004, to the

Florida Supreme Court. The Florida Supreme Court treated the letter as a petition for writ of habeas corpus. *See* Online docket of the Florida Supreme Court, Case No. SC04-314 at http://jweb.flcourts.org/pls/docket/ds_docket. By order dated March 17, 2004, the Florida Supreme Court dismissed the petition for lack of jurisdiction. This filing did not serve to toll the limitations period. *See Estes v. Chapman*, 382 F.3d 1237, 1239 (11th Cir. 2004) (motion filed in a court that lacks jurisdiction to hear it is not "properly filed") (citing *Artuz v. Bennett*, 531 U.S. 4, 9, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)); *see also Wilson v. Crosby*, 2006 WL 2699130 at * 5-6 (N.D. Fla. Sept. 19, 2006) (finding that, pursuant to *Estes and Bennett*, because Florida Supreme Court lacked jurisdiction to consider petitioner's filing, the petition did not toll the statutory limitations period). Thus, the limitations period continued running from November 25, 2003, until February 25, 2004, when Staas properly filed a petition for writ of habeas corpus in the state trial court.

Between November 25, 2003, and February 25, 2004, 92 more days of the limitations period elapsed, leaving 196 (288 days minus 92 days) days of the one year limitations period in which Staas could file a timely § 2254 petition. The petition for writ of habeas corpus was denied on April 28, 2004, and Staas appealed. The state district court of appeal affirmed the denial on November 30, 2004, with the mandate issuing on December 17, 2004. As of that date, no other post-conviction motion or appeal was pending in the state courts. Thus, the limitations period began to run again on December 18, 2004, and continued to run until January 10, 2005, when Staas filed another Rule 3.800(a) motion. Between these dates, 23 more days of the limitations period elapsed, leaving 173 days (196 days minus 23 days) of the limitations period remaining. The motion was denied on March 7, 2005. Staas appealed the denial and the state district court of

appeal affirmed the denial on June 14, 2005, with the mandate issuing August 4, 2005.

The limitations period recommenced to run on August 5, 2005, the day after the mandate issued and continued to run until August 19, 2005, when Staas filed what he titled a "Petition - Secure Substantial Justice".   *See* Online docket of Florida Supreme Court, Case No. SC05-1471 at http://jweb.flcourts.org/pls/docket/ds_docket.   The Florida Supreme Court construed this petition as another petition for writ of habeas corpus.   On September 14, 2005, the Florida Supreme Court transferred the petition to the state circuit for consideration as a motion for post-conviction relief pursuant to either Rule 3.850 or Rule 3.800(a).   On December 5, 2005, the state trial court denied the petition as untimely and successive.   Staas then had 30 days to appeal this adverse ruling to the state district court of appeal.   He did not file an such an appeal and thus the limitations period began to run again on January 5, 2006, the day after the period to file an appeal expired.   Staas had approximately 173 days remaining in which to file a timely § 2254 petition.   He filed the instant § 2254 petition on December 14, 2005, within the one year limitation period and thus the petition is timely.